**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

RACHEL HART, *P/N/G S.H. & A.H., Minors*

                        Plaintiffs,

   v.

WAL-MART STORES, INC., SONUPREET KAUR, TOWN OF EAST GREENBUSH, EDWARD ASHLEY, *in his individual and official capacity*, & JOHN DOE POLICE OFFICERS 1-5, *in their individual and official capacities*,

                        Defendants.

1:24-CV-00269 (AMN/CFH)

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **MILLS LAW GROUP PLLC**<br>99 Pine Street – Suite 204<br>Albany, New York 12207<br>*Attorneys for Plaintiffs* | **JASPER LEE MILLS, III, ESQ.** |
| **O'CONNOR, O'CONNOR LAW FIRM – ALBANY OFFICE**<br>20 Corporate Woods Boulevard<br>Albany, New York 12211<br>*Attorneys for Defendants Wal-Mart Stores, Inc. & Sonupreet Kaur* | **MICHAEL P. CAVANAGH, ESQ.** |
| **MURPHY BURNS LLP**<br>407 Albany Shaker Road<br>Loudonville, New York 12211<br>*Attorneys for Defendants Town of East Greenbush & Edward Ashley* | **STEPHEN M. GROUDINE, ESQ.** |

**Hon. Anne M. Nardacci, United States District Judge:**

                      **MEMORANDUM-DECISION AND ORDER**

I. **INTRODUCTION**

On February 23, 2024, plaintiff Rachel Hart and her minor children S.H. and A.H.[1] (collectively, "Plaintiffs") commenced this action pursuant to 42 U.S.C. §§ 1981 and 1983 against defendants Wal-Mart Stores, Inc. ("Wal-Mart"), Sonupreet Kaur ("Kaur"), the Town of East Greenbush ("East Greenbush"), Edward Ashley ("Ashley"), and John Doe Police Officers 1-5 (collectively, "Defendants"), alleging discrimination, Fourth and Fourteenth Amendment violations, as well as a claim for intentional infliction of emotional distress pursuant to New York State law, based on conduct that is alleged to have occurred on January 31, 2021 during the checkout process at a Wal-Mart location in East Greenbush, New York. *See* Dkt. No. 1 ("Complaint"). Presently before the Court is Defendants East Greenbush and Ashley's motion to dismiss the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. *See* Dkt. No. 16 ("Motion"). Plaintiffs opposed the Motion, *see* Dkt. No. 25, and Defendants Town of East Greenbush and Ashley filed reply papers in further support, *see* Dkt. No. 27. Rather than joining the Motion or independently moving to dismiss, Defendants Wal-Mart and Kaur answered the Complaint on September 6, 2024, asserting various affirmative defenses. *See* Dkt. Nos. 23, 24.

For the reasons set forth below, the Motion is granted, and the Complaint is dismissed with prejudice in its entirety and as against all Defendants.

II. **BACKGROUND**

Unless otherwise noted, the following facts are drawn from the Complaint, its attachments, or materials it incorporates by reference, and are assumed to be true for purposes of ruling on the Motion, *see Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of*

---

[1] In accordance with the local practice of this Court, the minor children's names have been abbreviated to protect their privacy.

*Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (*per curiam*), or are otherwise matters of public record, *Williams v. N.Y.C. Hous. Auth.*, 816 Fed. Appx. 532, 534 (2d Cir. 2020).

### A. The Parties

Plaintiff Rachel Hart is an African American adult female and the mother of two minor children, Plaintiffs A.H. and S.H. *See* Dkt. No. 1 at ¶¶ 3-5.

Defendant Wal-Mart is a multi-national corporation authorized and licensed to do business worldwide, nationally and within the State of New York. *Id.* at ¶ 6. Wal-Mart maintains a business location at 279 Troy Road, in East Greenbush, New York. *Id.* at ¶¶ 6, 11. Defendant East Greenbush is a municipality located in Rensselaer County, New York, duly organized and existing under the laws of the State of New York. *Id.* at ¶ 7. East Greenbush operates multiple departments and agencies, one of which is the East Greenbush Police Department. *Id.* at ¶ 8. Defendant Ashley is a Caucasian male and police officer with the East Greenbush Police Department, and in that capacity is an employee of Defendant East Greenbush. *Id.* Defendants John Doe Police Officers 1-5 are also Caucasian police officers with the East Greenbush Police Department and employees of Defendant East Greenbush. *Id.* at ¶ 9. Defendant Kaur is an employee of Defendant Wal-Mart working in Wal-Mart's loss prevention unit. *Id.* at ¶ 10.

### B. The Events of January 31, 2021

The Complaint alleges that on January 31, 2021, Plaintiff Hart, accompanied by Plaintiffs A.H. and S.H., was shopping at Defendant Wal-Mart's East Greenbush location and ultimately decided to purchase several items at a check-out lane operated by one of Wal-Mart's cashiers. *Id.* at ¶¶ 11, 13. While doing so, Plaintiff Hart used several "'manufacturer's coupons' and/or store coupons" that were in Plaintiff Hart's purse to reduce the cost of her total bill. *Id.* at ¶ 14. Following the checkout process and before exiting the store, Plaintiffs were stopped by Defendant Kaur, who asked to see Plaintiff Hart's receipt to cross-check it with the items in Plaintiff Hart's

possession. *Id.* at ¶ 15. After cross-checking Plaintiff Hart's receipt with her items, Defendant Kaur allegedly accused Plaintiff Hart[2] of engaging in "coupon fraud." *Id.* at ¶ 16. Plaintiffs were subsequently taken to the store's security room, where they were unable to leave. *Id.* at ¶ 17.

While Plaintiffs were waiting in the security room, the East Greenbush Police Department was called to the store to conduct an interview of Plaintiffs. *Id.* at ¶ 18. One of the responding officers was Defendant Ashley. *Id.* After interviewing Plaintiffs, the responding officers, including Defendant Ashley, arrested Plaintiff Hart for petit larceny and issued her a desk appearance ticket demanding that she appear in the Town of East Greenbush Court at a later date regarding the charge. *Id.* at ¶¶ 18, 21-22. Plaintiffs contend that, at some point during the interview and arrest process, "a female manager" of the store informed police that Plaintiff Hart "had done nothing wrong" and that Defendant Kaur "failed to properly assess the situation before she forcefully detained" Plaintiffs. *Id.* at ¶ 19.

The Complaint states that Plaintiff Hart's petit larceny case was expected to be heard in the Town of East Greenbush Court on February 18, 2021, "but prior to that appearance all charges were dismissed and sealed." *Id.* at ¶ 22.

### C. Causes of Action

As a result of the events that are alleged to have occurred on January 31, 2021, Plaintiffs assert three causes of action. First, Plaintiffs bring a claim pursuant to 42 U.S.C. § 1981 arguing Defendant Kaur "singled out" Plaintiffs, as they were allegedly the only African American customers who presented coupons for redemption that day and "[t]he reason she/they [were]

---

[2] The Complaint states "***Ms. Preet*** accused ***Claimant*** of alleged 'coupon fraud.'" Dkt. No. 1 at ¶ 16 (emphasis added). While the Complaint is devoid of allegations regarding a "Ms. Preet," and does not define "Claimant," the Court infers this to mean, based on the paragraphs preceding and proceeding, that Plaintiff is alleging Defendant Kaur (whose first name is "Sonupreet") accused Plaintiff Hart of engaging in coupon fraud.

4

detained was because [Plaintiff Hart] was an African-American woman with two small children, who paid for her groceries by 'couponing.'" Dkt. No. 1 at ¶ 27. Plaintiffs also contend that (1) "Walmart employees . . . allowed/supported/encouraged [Defendant Kaur] to disregard the facts and conclude that the plaintiffs were committing a crime" and (2) "upon information and belief 'white people' also coupon and have done so without incident at this location." *Id.* at ¶ 30.

Second, Plaintiffs bring a cause of action pursuant to 42 U.S.C. § 1983 alleging Fourth and Fourteenth Amendment violations. *See id.* at ¶¶ 31-37. Plaintiffs specifically claim that Defendants East Greenbush and Ashley, while "acting under color of state law[,] . . . unlawfully deprived Plaintiff [Hart] of her property [] and liberty without due process . . . [and] made an unreasonable and warrantless seizure of Plaintiff [Hart]'s personal property." *Id.* at ¶¶ 32-34. Plaintiffs also allege that Defendants East Greenbush and Ashley "acted pursuant to a policy of [Defendant East Greenbush] depriving citizens of due process and ratifying the acts and conduct of its employees" and that Defendant East Greenbush "failed to adopt clear policies and failed to properly train its deputies as to the proper role of officers in private disputes such as repossession." *Id.* at ¶¶ 35-36.

Finally, Plaintiffs bring a state law claim for intentional infliction of emotional distress, contending that (1) "[D]efendants knew or should have known that they were filing false charges which were designed to inflict severe emotional distress and psychological damages to the plaintiff who was aware of his [sic] innocence;" (2) Defendants East Greenbush and Ashley "caused emotional damage and suffering, anxiety, nervousness, insomnia, and public humiliation . . . [and] knew or should have known their actions were likely to cause upsetment and depression;" (3) Plaintiff Hart "was arrested and her children were witnesses to the policy brutality [] of their mother who was mistreated, humiliated and her report of the incident was disregarded" and (4)

"these false charges [] resulted in mental anguish, incarceration and prosecution which signaled an arduous emotional journey from the day of the arrest until the charges were dismissed." *Id.* at ¶¶ 38-44.

### D. The Motion

On August 28, 2024, Defendants East Greenbush and Ashley filed the Motion seeking to dismiss the claims against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 16. The Motion makes four primary arguments. First, the Section 1983 and state law claims should be dismissed because their respective statutes of limitations had run prior to the commencement of the action. *See* Dkt. No. 16-3 at 5-7.[3] Second, Plaintiff Hart failed to file a notice of claim or otherwise comply with the general municipal law with respect to Plaintiffs A.H. and S.H. *Id.* at 7. Third, Plaintiffs failed to plead facts sufficient to satisfy the elements of an intentional infliction of emotional distress claim because the Complaint lacks allegations of intentional and extreme or outrageous conduct. *Id.* at 7-8. Finally, Defendant East Greenbush should be dismissed from the action because it is a non-suable entity as a matter of law. *Id.* at 8-9.

In opposition, Plaintiffs make two substantive arguments. First, that the "three-year statute of limitations applicable to this case" had not run by the time the Complaint was filed, because "the statute of limitations . . . began to run as of the date that the criminal action associated with this matter was disposed of" which Plaintiffs contend was on March 18, 2021. Dkt. No. 25 at 11. Plaintiff also contends that Defendants' argument pertaining to the failure to file a notice of claim should be disregarded because New York law permits the filing of late notices of claim when the

---

[3] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

6

municipality has knowledge of the essential facts underlying the claim. *See id.* at 14-18. Plaintiff additionally adds a third point to its opposition titled "Motion to Amend Complaint Pursuant to F.R.C.P. § 15," contending that "it is necessary to amend the complaint to reflect the dismissal of the adult plaintiff's claims against the government defendants which should not affect the minor plaintiffs." *Id.* at 18-19. While it is not entirely clear to the Court, it appears Plaintiffs are requesting leave to file an amended complaint that would reflect Plaintiffs' A.H. and S.H. filing of a late notice of claim. Plaintiffs attached one exhibit to their opposition, which is the East Greenbush Town Court's 160.50 Seal Order reflecting that the date on which Plaintiff Hart's petit larceny case was adjudicated was March 18, 2021, and that the date the case was sealed was March 24, 2021. *See* Dkt. No. 25-1.

On September 25, 2024, Defendants East Greenbush and Ashley filed a reply to Plaintiffs' opposition, arguing that (1) the date of the incident (*i.e.*, January 31, 2021) is the date upon which the applicable statutes of limitations began to run; (2) the cross-motion seeking leave to amend is procedurally improper and futile; and (3) Plaintiffs' failure to address the arguments regarding intentional infliction of emotional distress and municipal liability constitute concessions that those claims should be dismissed. *See* Dkt. No. 27 at 4-6.

### III. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). This presumption, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to sho[w] that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (alteration in original) (quotation omitted). Under this standard, a pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed," *id.* at 570.

**IV.    DISCUSSION**

"Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Conn. Gen. Life Ins. Co. v. BioHealth Lab'ys, Inc.*, 988 F.3d 127, 131-32 (2d Cir. 2021). And even when the issue is not raised by a defendant, "a court may raise [a statute of limitations defense] *sua sponte* when 'the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.'" *Weaver v. Boriskin*, 751 Fed. Appx. 96, 98-99 (2d Cir. 2018) (quoting *Walters v. Indus. & Comm. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011)); *see also Leonhard v. United States*, 633 F.2d 599, 609 n. 11 (2d Cir. 1980) ("The district court has the power to dismiss a complaint sua sponte for failure to state a claim. . . . There appears to be no reason why the same rule should not apply to a dismissal

8

on statute of limitations grounds . . . [where] the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted."), *cert. denied*, 451 U.S. 908 (1981). Thus, while only Defendants East Greenbush and Ashley moved to dismiss certain claims as untimely, the Court reviews the entirety of Plaintiffs' Complaint to analyze the issue of timeliness.

First, "the statute of limitations applicable to claims brought under §§ 1981 and 1983 in New York is three years." *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (citing *Tadros v. Coleman*, 898 F.2d 10, 12 (2d Cir. 1990) (per curiam), *cert. denied*, 498 U.S. 869 (1990)); *see also Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004). For claims brought under either statute, the statute of limitations begins to run at "that point in time when the plaintiff knows or has reason to know of the injury which is the basis of [her] action." *Singleton v. City of N.Y.*, 632 F.2d 185, 191 (2d Cir. 1980), *cert. denied*, 450 U.S. 920 (1981) (quotation omitted); *see also Andrews v. Fremantlemedia, N.A., Inc.*, 613 Fed. Appx. 67, 68 (2d Cir. 2015) ("Claims under § 1981 . . . accrue 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'") (quoting *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)); *Pear v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002) ("a section 1983 cause of action accrues . . . 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.") (quoting *Singleton*, 632 F.2d at 191).

Here, the events underlying Plaintiffs' claims occurred on January 31, 2021, and the injuries upon which the entire Complaint is based were incurred on that date. *See* Dkt. No. 1 at ¶¶ 11-22. The Complaint was filed on February 23, 2024, more than three years later. *See generally* Dkt. No. 1; *see also* Dkt. No. 25 at 8. Regarding Plaintiffs' argument in their opposition that the accrual date was not until March 18, 2021, when the East Greenbush Town Court dismissed Plaintiff Hart's petit larceny charges, the Court finds such contention unpersuasive. First, only the

facts as alleged in the Complaint or incorporated by reference in the Complaint are considered when analyzing a Rule 12(b)(6) motion. *See Khanukayev v. Times Square Alliance*, No. 08-Civ-6832, 2010 WL 2000552, at *2 n.4 (S.D.N.Y. May 20, 2010) ("On a motion to dismiss, . . . a court considers only the allegations made in the complaint and any documents attached thereto . . . and thus disregards allegations made in a memorandum of law") (citing cases); *see also Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (finding that a plaintiff may not amend its complaint through its opposition brief); *Schulz v. Medtronic, Inc.*, No. 21-CV-414, 2022 WL 503960, at *2 (D. Conn. Feb. 18, 2022) ("[I]t is axiomatic that [a] [c]omplaint cannot be amended by the briefs in opposition to a motion to dismiss."). Here, the Complaint expressly states that Plaintiff Hart's petit larceny charges were dismissed "prior to" February 18, 2021. *See* Dkt. No. 1 at ¶ 22. Second, although the exhibit annexed to Plaintiff's opposition indicates that the Town Court case was dismissed on March 18, 2021, *see* Dkt. No. 25-1, implying the Complaint's allegations in this regard may have been incorrect, Plaintiffs do not cite, and the Court is unaware of, any case law holding that Section 1981 or 1983 claims accrue on the date criminal charges are dropped, as opposed to the date upon which Plaintiffs' injuries are alleged to have been sustained. Plaintiffs' claims are based entirely on the alleged unlawful detention that occurred on January 31, 2021, and Defendants' actions toward Plaintiffs on that day. Therefore, because the Complaint was filed more than three years after Plaintiffs knew of the injuries underlying their Section 1981 and 1983 claims, those claims are hereby dismissed as untimely.

Next, the statute of limitations for an intentional infliction of emotional distress claim in New York is one year. *See* N.Y. C.P.L.R. § 215(3); *see also Wladron v. Milana*, 2013 WL 2445047 (GTS/DEP), at *4 (N.D.N.Y. June 5, 2013) ("In New York, a cause of action for intentional infliction of emotional distress accrues on the date of injury and carries a one year

10

statute of limitations.") (citing *Wilson v. Erra*, 94 A.D.3d 756 (2d Dep't 2012)).  When such a claim is brought against a municipality, the limitations period is increased to one year and ninety days.  *See Douglas v. Cnty. of Tompkins*, 90-CV-841 (McCurn, J.), 1995 WL 105993, *5 (N.D.N.Y. Mar. 2, 1995); *see also Clark v. City of Ithaca*, 235 A.D.2d 746 (3d Dep't 1997).  Here, the Complaint was filed nearly two years after the statute of limitations with respect to Plaintiffs' intentional infliction of emotional distress claim against any Defendant expired.  Thus, it is similarly dismissed as untimely.

Finally, regarding Plaintiffs' request for leave to amend the Complaint, such request is denied as futile.  While the Court agrees that the request was procedurally improper under Northern District of New York Local Rule 7.1, *see* Dkt. No. 27 at 5, there is no amendment Plaintiffs could make that would render these claims timely.  *See 421-A Tenants Ass'n, Inc. v. 125 Court St. LLC*, 760 Fed. Appx. 44, 51 (2d Cir. 2019) (affirming denial of motion for leave to amend as futile because "any amendment to the complaint cannot fix the statute of limitations problem that the [plaintiffs] face").  The East Greenbush Town Court's Seal Order, submitted by Plaintiffs, makes certain that the events at issue took place on January 31, 2021.  *See* Dkt. No. 25-1 (confirming allegations in Complaint that Plaintiff Hart's petit larceny arrest occurred on 01/31/2021).  Therefore, any conceivable amendment would fail to cure the statute of limitations deficiency.

## V.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendants East Greenbush and Ashley's motion to dismiss, Dkt. No. 16, is **GRANTED**; and the Court further

**ORDERS** that Plaintiffs' Complaint, Dkt. No. 1, is **DISMISSED with prejudice** in its entirety and as against all Defendants; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the

Parties in accordance with the Local Rules and close the case.

**IT IS SO ORDERED.**

Dated: December 10, 2024
       Albany, New York

_____
Anne M. Nardacci
U.S. District Judge